# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NUMBER 1:24-CR-00049-MJT** |
| | § | |
| | § | |
| **JUSTIN CURTIS MARTIN** | § | |
| | § | |

## REPORT AND RECOMMENDATION ON PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed April 21, 2026, alleging that Defendant, Justin Curtis Martin, violated his conditions of supervised release. This matter is referred to the Honorable Christine L. Stetson, United States Magistrate Judge, for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59.

### I. The Original Conviction and Sentence

Justin Curtis Martin was sentenced on July 21, 2017, before The Honorable Donald L. Graham, of the Southern District of Texas, after pleading guilty to the offense of Enticement of a Minor to Engage in Sexual Activity, a Class A felony. This offense carried a statutory maximum imprisonment term of Life. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of I, was 120 months. Justin Curtis Martin was subsequently sentenced to 120 months' imprisonment followed by a 25 year term of supervised release subject to the standard conditions of release, plus special conditions to include Adam Walsh Act search condition, employer computer restriction disclosure, no contact with minors in employment, no

involvement in youth organizations, reasonable permissible search, financial support for his daughter as determined by the North Dakota Department of Human Services, prohibition from sexually explicit materials of minors and adults, sex offender treatment, and a $100 special assessment.

On November 22, 2022, the conditions of supervision were modified, with Martin's consent, to add special conditions requiring financial disclosure; no unsupervised contact with children under the age of 18; no purchase, possession, or use of iPods, PDAs, portable data storage devices, or any other type of portable device capable of communicating data via modem, wireless, or dedicated connection; no purchase, possession, or use of digital cameras, digital recorders, or any other type of recording and/or photographic equipment; and no purchase, possession, or use of cellular telephones with photographic or internet capability or laptop computers (other than a computer approved by the probation office which may be subject to monitoring).

## II.  The Period of Supervision

On February 2, 2024, Martin completed his period of imprisonment and began service of the supervision term.   On or about June 24, 2024, jurisdiction in this case was transferred to the Eastern District of Texas and assigned to United States District Judge Michael J. Truncale.

## III.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising seven allegations.  The petition alleges that Justin Curtis Martin violated the following conditions of release:

Allegation 1. Defendant shall not commit another federal, state or local crime.

Allegation 2. Defendant shall not leave the judicial district without the permission of the court or probation officer.

Allegation 3. Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

Allegation 4. Defendant shall notify the probation officer at least ten (10) days prior to any change in residence or employment.

Allegation 5. Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

Allegation 6. Defendant shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; laptop computers (other than a computer approved by the probation office which may be subject to monitoring); iPods; Personal Digital Assistants (PDAs); portable data storage devices such as thumb drives and Flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection. The defendant shall also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment.

Allegation 7. Restricted from Possession of Sexual Materials - Defendant shall not buy, sell, exchange, possess, trade, or produce visual depictions of minors or adults engaged in sexually explicit conduct.

## IV. Proceedings

On April 30, 2026, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and Defendant announced an agreement as to a recommended disposition regarding the revocation. Defendant agreed to plead "true" to the sixth allegation that claimed he failed to refrain from purchasing, possessing or using a digital camera and/or any other type of recording and/or photographic equipment on

February 8, 2026.    In return, the parties agreed that he should serve a term of 6 months' imprisonment with 25 years of supervised release to follow.

### V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require a defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case.  The original offense of conviction was a Class A felony, therefore, the maximum imprisonment sentence is 5 years.

According to U.S.S.G. § 7C1.1(a)[1], if the court finds by a preponderance of the evidence that Defendant violated conditions of supervision by failing to refrain from purchasing, possessing or using a digital camera and/or any other type of recording and/or photographic equipment, Defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7C1.3 indicates that upon a finding of non-compliance, the court should conduct an individualized

---

1.  All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding.  *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Bradberry*, 360 F. App'x. 508, 509 (5th Cir. 2009).

assessment and that revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

U.S.S.G. § 7C1.5 provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of I, the policy statement imprisonment range is 3 to 9 months.

U.S.S.G. § 7C1.4(a) states that the court shall conduct an individualized assessment to determine the appropriate length of the term of imprisonment, given the recommended range of imprisonment set forth in § 7C1.5.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and a defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The authorized term of supervised release for this offense is not more than Life.

U.S.S.G. § 7C1.4(c) indicates where supervised release is revoked, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

In determining Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

Defendant pled "true" to the petition's allegation that he violated a special condition of release that he failed to refrain from purchasing, possessing or using a digital camera and/or any other type of recording and/or photographic equipment.  Based upon Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7C1.3, the undersigned finds that Defendant violated a condition of supervised release.

The undersigned has carefully conducted an individualized assessment and considered each of the factors listed in 18 U.S.C. § 3583(e).  Defendant's violation is a Grade C violation, and the criminal history category is I.  The policy statement range in the Guidelines Manual is 3 to 9 months.  Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 6 months with 25 years of supervised release to follow.

### VII.  Recommendations

The court should find that Defendant violated the allegation in the petition that he violated a special condition of release by failing to refrain from purchasing, possessing or using a digital camera and/or any other type of recording and/or photographic equipment.  The petition should be granted, and Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583.  Defendant should be sentenced to a term of 6 months' imprisonment with 25 years of supervised release to follow.

As stated at the final revocation hearing, without objection, the same mandatory, standard and special conditions of supervised release previously imposed when Defendant was originally sentenced in this case and as subsequently modified shall be re-imposed.  Such conditions are set forth in the Judgment and modification petition/order, and the rationale for these conditions is contained in Defendant's Presentence Investigation Report.

### VIII.  Objections

At the close of the revocation hearing, Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable).  Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the

recommended sentence.    Therefore, the court may act on this report and recommendation immediately.

**SIGNED this the 30th day of April, 2026.**

_____

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE